IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PFLIPSEN, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-01055-JKP |
| | § | |
| vs. | § | |
| | § | |
| LECO BROADWAY 410, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

Before the Court in the above-styled cause of action is Plaintiff's Motion for Substituted Service on Defendants, Ray Rondel and Michael Rondel and for 30 Day Extension of Time to Effectuate Same [#6].[1]  By his motion, Plaintiff asks the Court to approve substitute service of Defendant Leco Broadway 410, LLC, due to difficulties executing personal service and 30 additional days to effectuate service of process.  The Court will grant the motion.

The record reflects that Plaintiff filed this case on October 28, 2021, making service due on or before January 26, 2022.  *See* Fed. R. Civ. P. 4(m) (setting forth time for service as 90 days after complaint is filed).  Plaintiff requested summons be issued but failed to complete service by the deadline imposed by the Federal Rules.  The Court therefore issued a Show Cause Order on February 4, 2022, imposing a deadline of February 11, 2022, for Plaintiff to show cause why this case should not be dismissed for want of prosecution.  On February 15, 2022, the District Court dismissed this case due to Plaintiff's failure to show cause as ordered.  On the same day, Plaintiff filed the motion for substitute service currently before the Court.  In light of Plaintiff's motion, the District Court reopened this case so that the undersigned could consider the motion.

---

[1]  This case does not concern any parties named Ray Rondel and Michael Rondel.  The Court believes this was a typographical error.

1

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1).  Texas Rule of Civil Procedure 106(a) sets out the methods of personal service in Texas: (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.  Tex. R. Civ. P. 106(a)(1), (a)(2).

If a plaintiff's attempts to effectuate personal service are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b).  *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).  Texas Rule of Civil Procedure 106 provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).

Plaintiff asks for permission to serve Defendant by (1) affixing a copy of the Complaint and summons to the Defendant's representative's office door; (2) mailing a copy of the Complaint and summons by certified mail, return receipt requested, or (3) by leaving a copy with

other support staff.  Attached to Plaintiff's motion is the declaration of Mayra Deyanira Flores, the process server who attempted to serve Defendant with personal service through its registered agent, Patricia  P. Bowen, on numerous occasions from December 8, 2021, to January 6, 2022. (Flores Decl. [#6] at 7–9.)  According to the declaration, Flores believes personal service of Defendant is impractical because Defendant's agent is intentionally evading service by absenting herself from Defendant's place of business.  The affidavit details four attempts at service and three phone calls, in which Flores either found Defendant's office closed, having moved suites, or the registered agent out of town.  Employees at the office informed the process server that the agent does not live in the area and is rarely in the office.

The Court finds that the affidavit attached to Plaintiff's motion satisfies Rule 106(b) and will grant the request for substitute service.  If Plaintiff is unsuccessful at effectuating service by certified mail under Rule 106(a), he may serve Defendant by the proposed methods of alternative service—by affixing a copy of the Complaint and summons on Defendant's office door, or by leaving the documents with Defendant's support staff.  These proposed methods are reasonably calculated to provide Defendant with notice of this lawsuit under Rule 106(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substituted Service on Defendant and for 30 Day Extension of Time to Effectuate Same [#6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve Defendant by serving Patricia Bowen, either by certified mail, return receipt requested, or by posting a copy on Defendants' gate or front door at 3707 N. St. Mary's Street, Suite 201, San Antonio, Texas, 78212, or by leaving the documents with Defendant's support staff.  Service must be completed by **March 18, 2022**.

**IT IS SO ORDERED.**

SIGNED this 16th day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE